# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\*\*\*

UNITED STATES OF AMERICA, )
)
    Plaintiff, )
) 2:09-cr-0487-LDG-LRL
v. )
) **O R D E R**
JOHNATHAN SMITH, )
)
    Defendant. )
)

    Before the court is the defendant's Motion to Bifurcate Counts Six and Seven from the Remaining Counts of the Superseding Indictment (#32). The court has considered the motion and the government's Response (#43). For the following reasons, the motion will be granted.

    The defendant is charged in Count One of a seven-count Superseding Indictment with conspiracy to distribute cocaine base, and in Counts Two through Six with five separate distributions of cocaine base. In Counts Six and Seven, he is charged with two separate instances of felon in possession of one or more firearms. In order to avoid potential jury prejudice from exposure to evidence that the defendant is a convicted felon, he seeks an order bifurcating his trial such that in the first phase of the trial only the drug charges would be presented to the jury, and in the second phase the gun charges would be presented to the same jury, but not until the jury had completed its deliberations on the drug charges.

    The government does not oppose the bifurcation of the two gun counts for purposes of trial. Nevertheless, the government "does intend to introduce at trial of the drug charges all evidence related to the felon in possession charges that is admissible under the Rules of Evidence; that is, it will not seek to introduce such evidence for purposes of establishing guilt as to counts six and seven, but rather as evidence establishing guilt as to counts one through five insofar as it is relevant to those charges."

Opposition (#43) at 2. The government anticipates that it will file a motion in limine "clarifying which pieces of evidence derived from counts six and seven it will introduce as to counts one through five." *Id.*

>  Fed. R. Crim. P. 14(a) provides:
>
>> If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

In *United States v. Nguyen*, 88 F.3d 812, 815 (9th Cir. 1996), the court observed:

> All of the Circuit Courts seem to agree that trying a felon in possession count together with other felony charges creates a very dangerous situation because the jury might improperly consider the evidence of a prior conviction when deliberating about the other felony charges, i.e., convict the defendant because he is a "bad guy" or convict because "he committed a crime before and probably did this one too."

To guard against such prejudice, "severance or bifurcation is the preferred alternative." *Id*. at 818. By agreeing that the gun counts and the drug counts should be bifurcated, the government recognizes the potential for prejudice. Nevertheless, the government wishes to preserve its right to offer evidence of the defendant's gun possession to the extent such evidence may be deemed relevant to the drug trafficking charges. The extent, if any, to which the government will be allowed to do so will be the subject of a motion in limine to be decided by the trial judge. However, because the government does not object to bifurcation -- at least to the extent that the defendant's status as a convicted felon should not be disclosed to the jury while it considers the drug trafficking charges -- the Motion to Bifurcate Counts Six and Seven from the Remaining Counts of the Superseding Indictment (#32) will be granted.

IT IS SO ORDERED.

DATED this 22nd day of September, 2010.

_____
**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**